# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYW SEMITECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 25-504-RGA-EGT |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| APPLE INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY
PENDING *INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

OF COUNSEL:

James L. Davis, Jr.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1540 El Camino Real
Suite 120
Menlo Park, CA 94025
Tel: (650) 815-2600

Daniel W. Richards
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA 94111
Tel: (415) 434-9100

Fan (Frances) Zhang
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, DC 20006
Tel: (202) 747-1900

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Defendant Apple Inc.*

Kevin J. Post
Lance W. Shapiro
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700

Bethany Stevens
Hannah Cannom
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
Tel: (213) 712-9145

Dated: December 16, 2025
12611666 / 12209.00061

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ......................... 2

III. SUMMARY OF ARGUMENT ...................................................................................... 3

IV. LEGAL STANDARD .................................................................................................. 4

V. ARGUMENT ................................................................................................................ 5
    A.    The Potential to Simplify the Issues Here Is at Its Highest ..................................... 5
    B.    The Stage of Proceedings in This Case Weighs in Favor of a Stay ........................ 8
    C.    A Stay in This Case Would Not Prejudice Semitech ............................................ 10

VI. CONCLUSION .......................................................................................................... 13

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*1LSS Inc. v. Apple Inc.*,
 No. 2:24-cv-08769-SRM-JPR, Dkt. 53 (C.D. Cal. Nov. 19, 2025) .........................1, 7, 8, 9, 12

*AIP Acquisition LLC v. Level3 Commc'ns, LLC*,
 CA. No. 12-617-GMS, D.I. 63 (D. Del. Jan. 9, 2014) .................................................................6

*Apple Inc. v. Fintiv, Inc.*,
 IPR2020-00019, Paper 15 (PTAB May 13, 2020) ................................................................. 6-7

*Bio-Rad Lab'ys Inc. v. 10X Genomics, Inc.*,
 C.A. No. 18-1679-RGA, 2020 WL 2849989 (D. Del. June 2, 2020) ..................................8, 10

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
 C.A. No. 12-1107-GMS, 2014 WL 1369721 (D. Del. Apr. 7, 2014) ................................11, 12

*British Telecomms. PLC v. IAC/InterActiveCorp*,
 C.A. No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019) .......................................9

*Cost Bros., Inc. v. Travelers Indem. Co.*,
 760 F.2d 58 (3d Cir. 1985) .........................................................................................................4

*Ethicon, Inc. v. Quigg*,
 849 F.2d 1422 (Fed. Cir. 1988) ..................................................................................................5

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
 721 F.3d 1330 (Fed. Cir. 2013) ..................................................................................................5

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
 C.A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ...............................5, 6, 8

*Message Notification Techs. LLC v. Microsoft Corp.*,
 C.A. No. 13-1881-GMS, 2015 WL 13781851 (D. Del. Feb. 23, 2015) ....................................6

*MiiCs & Partners Am. Inc. v. Toshiba Corp.*,
 C.A. Nos. 14-803-RGA, 14-804-RGA, 2015 WL 9854845 (D. Del. Aug. 11, 2015) .............12

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
 C.A. No. 12-662-GMS, 2013 WL 424754 (D. Del. Jan. 31, 2013) ....................................6, 12

*Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*,
 C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ........................11, 12

*Sandpiper CDN, LLC v. Google LLC*,
 No. 2:24-CV-03951-AB-RAO, 2025 WL 1932504 (C.D. Cal. June 24, 2025) ........................8

*Scramoge Tech., Ltd. v. Volkswagen Grp. of Am.*,
   No. 22-cv-10730, 2022 WL 17616451 (E.D. Mich. Dec. 12, 2022) .......................................12

*Sirona Dental Sys. GmbH v. Dental Wings, Inc.*,
   C.A. No. 14-460-LPS-CJB, 2016 U.S. Dist. LEXIS 155706 (D. Del. Mar. 22, 2016) ...........10

*SunPower Corp. v. PanelClaw, Inc.*,
   C.A. No. 12-1633-GMS, 2014 WL 12774919 (D. Del. May 16, 2014) ........................5, 11, 12

*TC Tech. LLC v. Sprint Corp.*,
   C.A. No. 16-153-WCB, 2021 WL 4521045 (D. Del. Oct. 4, 2021) ...............................5, 9, 12

*TTI Consumer Power Tools, Inc. v. Lowe's Home Ctrs. LLC*,
   C.A. No. 22-673-CFC, 2022 WL 16739812 (D. Del. Nov. 7, 2022) ..................................5, 12

*Vehicle IP, LLC v. Wal-Mart Stores, Inc.*,
   C.A. No. 10-503-SLR, 2010 WL 4823393 (D. Del. Nov. 22, 2010).......................................10

*Virtual Agility, Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)..............................................................................................12

Statutes and Rules

35 U.S.C. § 314(b) .........................................................................................................................11

35 U.S.C. § 315(b) .........................................................................................................................10

35 U.S.C. § 315(e)(2)...................................................................................................................4, 6

35 U.S.C. § 316(a)(11)...................................................................................................................11

35 U.S.C. § 316(d) ...........................................................................................................................5

37 C.F.R. § 42.107 .........................................................................................................................11

I.      **INTRODUCTION**

On November 21, 2025, Defendant Apple Inc. ("Apple") filed petitions for *Inter Partes* Review ("IPR") of all claims of all asserted patents in this case (U.S. Patent Nos. 11,107,768, 11,538,763, and 11,894,306). To avoid the substantial waste of judicial and party resources in this case and the risk of inconsistent outcomes with the pending IPR, Apple hereby moves to stay this case pending decisions on institution of the IPRs and, if instituted, pending final resolution of the instituted IPR proceedings.

First, any decision in the IPR proceedings would greatly simplify the case at hand. The parties would be estopped from presenting the same grounds of invalidity from the IPRs, and any grounds they could have reasonably raised in the IPRs, to this Court. And final written decisions would be binding on the parties and may even completely resolve the case at hand. Even if not instituted, the record created would inform district court proceedings like claim construction. Indeed, due to the new "evolving circumstances unfolding at the PTAB" and fact that the Director gives weight to whether the case is stayed when deciding whether to discretionarily deny cases, granting a stay while the USPTO decides whether to institute the IPRs favors granting a stay. *See* Ex. A (*1LSS Inc. v. Apple Inc.*, No. 2:24-cv-08769-SRM-JPR, Dkt. 53 (C.D. Cal. Nov. 19, 2025)) at 5 (granting a stay pending the PTAB's decision to institute, and finding that the simplification of the issues "favors a brief stay" including because of these "evolving circumstances").

Second, the stage of the case, as a result of Plaintiff's own lack of urgency, together with the new discretionary process for IPRs before the USPTO, warrants a stay. Plaintiff itself has already slowed the case down through multiple extensions of the contentions deadlines—now totaling five weeks. Thus, no significant deadlines have passed. The parties and Court have yet to invest significant resources into this case. Plaintiff has yet to produce a single document other

than the prosecution histories for the asserted patents. Plaintiff will not serve infringement contentions until January. Claim construction deadlines are more than two months away. Indeed, the fact discovery deadline is not for 11 months, and the trial date is not until late 2027. A stay is also consistent with the congressional policy that courts should liberally stay cases like this one when parallel post-grant proceedings are pending.

Third, as a non-practicing entity that seeks only monetary relief, Semitech will not suffer undue prejudice from the resulting stay until the USPTO Director issues decisions. Apple was diligent in filing its IPR petitions, as well as this Motion to Stay. Further, the institution decisions on the IPRs will issue in June 2026, and the new discretionary denial procedure requires a discretionary denial decision even earlier, by April 2026. A stay pending these decisions therefore will be brief.

The high likelihood of simplifying the issues, the minimal delay until the institution decisions issue, and the lack of prejudice to Semitech each favors a stay. Accordingly, the Court should grant this Motion to Stay pending institution decisions in the IPR proceedings.

## II. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff MYW Semitech, LLC ("Semitech") brought this lawsuit against Apple on April 24, 2025, alleging infringement of U.S. Patent Nos. 11,107,768 ("'768 Patent"), 11,538,763 ("'763 Patent"), and 11,894,306 ("'306 Patent") (the "Asserted Patents"). D.I. 1. On June 16, 2025, Apple filed a Motion to Dismiss. D.I. 14. On July 7, 2025, Semitech filed its First Amended Complaint for Patent Infringement, asserting the same Asserted Patents. D.I. 18. Initial disclosures were exchanged on October 16, 2025, per the Court's Scheduling Order (D.I. 26) and the parties have exchanged initial sets of discovery requests (D.I. 21, 45). Thus far, the Court has granted the parties' requested extensions of Semitech's infringement contention deadline and Apple's subsequent invalidity contention deadline by five weeks. D.I. 26, 57, 58.

On November 21, 2025, Apple filed Petitions for *Inter Partes* Review for each of the Asserted Patents, challenging all claims of each of the three asserted patents. *See* IPR2026-00065 ('768 Patent), IPR2026-00066 ('763 Patent), IPR2026-00067 ('306 Patent). Apple promptly brings this motion to stay. Discretionary denial decisions for the IPRs are due on April 2, 2026, while the institution decisions themselves are due June 2, 2026.

This case is in its earliest stages; Semitech has yet to even serve its Initial Infringement Contentions, currently due on January 9, 2026; the first claim construction deadlines are not until February; and the close of fact discovery is eleven months away on November 13, 2026. D.I. 26, 58. A jury trial is not currently scheduled until October 18, 2027. D.I. 26. Discovery is likewise in its earliest stages—while Apple has served its core technical production and Semitech has produced the prosecution histories for the asserted patents as required by Paragraph 1(b) of the Scheduling Order, Semitech has yet to produce any additional documents in this case.

### III.   SUMMARY OF ARGUMENT

There is serious doubt about the validity of the claims in Semitech's Asserted Patents. Apple worked diligently to prepare and file IPR petitions presenting more than a reasonable likelihood that each of the claims of the Asserted Patents are invalid in view of the prior art. To avoid needless waste of judicial resources, Apple's Motion to Stay should be granted for the following reasons:

1. **A stay is likely to simplify the issues before this Court.** Any decision in the IPR proceedings will simplify (and indeed, potentially eliminate) this case. Cancellation, amendment, or discussion of any of the claims of the Asserted Patents by the USPTO will likely simplify the issues to be decided across the Asserted Patents because they are all related. Should IPR proceedings be instituted and proceed through final written decision, the result would be binding

3

on the parties and their dispute before this Court. A final written decision would mean that Apple would be estopped under 35 U.S.C. § 315(e)(2) from presenting the same grounds for invalidity that were at issue in the IPR, as well as any other grounds that Apple reasonably could have raised in the IPR, in this litigation—preventing duplication of efforts on those issues. The IPR proceedings will also inform the Court of claim construction issues that may ultimately affect infringement and invalidity.

2. **This litigation remains in its early stages**. The overwhelming majority of discovery remains to be done. Semitech has not produced any documents or served infringement contentions, and all claim construction, expert discovery, motion practice, pretrial, and trial deadlines remain months and years in the future.

3. **Semitech would not suffer undue prejudice.** Semitech is a non-practicing entity that does not contend that it manufactures any products. It seeks only monetary relief. And it has repeatedly proposed extensions to the schedule—delaying its infringement contentions by over a month. A stay of the case pending IPR institution decisions would not prejudice Semitech.

Accordingly, all relevant factors weigh in favor of staying this litigation until the USPTO issues its decisions on whether to institute the IPRs. The Court should stay this litigation until the PTAB has decided Apple's petitions, and if instituted, until the IPRs reach final resolution.

## IV.   LEGAL STANDARD

"[T]he decision whether to grant a stay . . . is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *see also*

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). Courts typically consider three factors when determining whether to grant a stay: "(1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete, and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *TTI Consumer Power Tools, Inc. v. Lowe's Home Ctrs. LLC*, C.A. No.22-673-CFC, 2022 WL 16739812, at *1 (D. Del. Nov. 7, 2022) (citing cases). "Congress intended to place 'a very heavy thumb on the scale in favor of a stay being granted'" while a patent is subject to review proceedings at the USPTO. *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *3 (D. Del. Aug. 21, 2019) (citations omitted).

### V. ARGUMENT

#### A. The Potential to Simplify the Issues Here Is at Its Highest

As this Court has recognized, the potential for simplification of the issues in a case is "[t]he most important factor" bearing on whether a stay is proper. *TC Tech. LLC v. Sprint Corp.*, C.A. No. 16-153, WCB, 2021 WL 4521045, at *4, 7 (D. Del. Oct. 4, 2021) (granting a stay where "reexamination proceeding is likely to simplify this litigation"). Through IPR proceedings, all of Semitech's patent claims may be canceled (which would moot any pending litigation alleging infringement of the canceled claims) or amended (frustrating prior efforts at claim construction). *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1345–46 (Fed. Cir. 2013) (finding the cancellation of claims by the PTO binding in pending district court litigation); 35 U.S.C. § 316(d). Additionally, the Board and parties will take positions during IPR proceedings that will inform the meaning of claims and/or prior art references, which may aid the Court in its analysis of the claims. *See Ethicon*, 849 F.2d at 1426-28. If the USPTO institutes any of the IPR petitions, the Court would benefit from the PTAB's expertise of the technical subject matter. *See SunPower Corp. v. PanelClaw, Inc.*, C.A. No. 12-1633-GMS, 2014 WL 12774919, at

5

*2 (D. Del. May 16, 2014) (granting a stay where "[e]ven if the claims were to survive the IPR process entirely intact, the court would still benefit from the PTAB's expertise"); *IOENGINE*, 2019 WL 3943058, at *10 (explaining that "the expertise of the PTAB judges in this complex field of art is likely to be of considerable assistance to the Court"). The record developed during IPRs will inform issues in this litigation for claim construction, infringement, and invalidity purposes, thereby narrowing the disputed issues and reducing case complexity and length. *Neste Oil*, 2013 WL 424754, at *4; *IOENGINE*, 2019 WL 3943058, at *10 (explaining that "the IPR proceeding may produce additional prosecution history that could assist the Court in addressing the issues of claim construction and validity"); *Message Notification Techs. LLC v. Microsoft Corp.,* C.A. No. 13-1881-GMS, 2015 WL 13781851, at *1 (D. Del. Feb. 23, 2015); *AIP Acquisition LLC v. Level3 Commc'ns, LLC*, C.A. No. 12-617-GMS, D.I. 63 at 5 (D. Del. Jan. 9, 2014) ("If the [patent-in-suit] is not invalidated, the court and the parties will have the benefit of the IPR record in any post-stay Markman process.") (citation omitted).

And even if the patent claims survive the review after institution, the Court and the parties will not have to address the grounds for invalidity presented in the petition for IPR, and any other grounds that Apple reasonably could have presented in the IPR, as to those claims. *See Neste Oil Oyj v. Dynamic Fuels, LLC*, C.A. No. 12-662-GMS, 2013 WL 424754, at *4-5 (D. Del. Jan. 31, 2013) (granting a stay, where defendants involved in reexamination were "estopped" from raising invalidity issues after reexamination); 35 U.S.C. § 315(e)(2). Indeed, this case may be eliminated in its entirety.

Importantly, as part of the discretionary denial process, the USPTO Director considers "whether the court granted a stay or evidence exists that one may be granted if a proceeding is instituted" and the "investment in the parallel proceeding by the court and the parties." *Apple*

6

*Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 15 at 7–8 (PTAB May 13, 2020) (precedential); *see* https://www.uspto.gov/patents/ptab/interim-director-discretionary-process (Sections III.B, V). As a result, the new discretionary process further supports granting a stay pending institution decisions. As other courts have recently recognized, the "evolving circumstances at the PTAB" particularly favor a stay at this stage of the case. *E.g.,* Ex. A (*1LSS Inc. v. Apple Inc.*, No. 2:24-cv-08769-SRM-JPR, Dkt. 53 (C.D. Cal. Nov. 19, 2025)) at 8 (granting a stay pending the PTAB's decision to institute). The USPTO Director recently issued a memorandum entitled the "Interim Processes for PTAB Workload Management." Under this new process, if the Director decides not to institute on procedural grounds, that decision will come down by April 2, 2026.[1] The early stage of the present case already weighs in favor of the Director not exercising his discretion to deny institution. While a stay would make institution even more likely, declining to stay the case at this early stage would negatively influence Apple's ability to seek statutorily granted redress to challenge the validity of the asserted patents before the PTAB.

Since the implementation of the March 26, 2025 USPTO Memorandum on Interim Processes for PTAB Workload Management ("USPTO Discretionary Process Memo"), which was further revised on October 17, 2025 (Ex. C, "Director Institution of AIA Trial Proceedings," "flow[ing] from the processes outlined in the [USPTO Discretionary Process Memo]"), courts have thus held that a stay is particularly warranted in view of this discretionary denial process.

---

[1] On March 26, 2025, the USPTO issued a Memorandum on Interim Processes for PTAB Workload Management ("USPTO Discretionary Process Memo"), stating that "decisions on whether to institute an IPR or PGR will be bifurcated between (i) discretionary considerations and (ii) merits and other non-discretionary statutory considerations." Ex. B, page 1. Since then, USPTO Director John A. Squires revised this process through his October 17, 2025 Memorandum titled "Director Institution of AIA Trial Proceedings," such that "the Director will determine whether to institute trial for *inter partes* review." Ex. C, page 1 ("This approach to institution flows from the processes outlined in the March 26, 2025 [USPTO Discretionary Process Memo].")

*E.g.*, Ex. A (*1LSS*) at 8 (holding a stay "pending the PTAB's decision to institute IPR" is warranted in view of "the PTAB's increase in discretionary denials pursuant to the [discretionary denial procedure memo]"); *Sandpiper CDN, LLC v. Google LLC*, No. 2:24-CV-03951-AB-RAO, 2025 WL 1932504, at *2 (C.D. Cal. June 24, 2025) ("Given the evolving circumstances unfolding at the PTAB this year, the Court finds this factor weighs in favor of a short pause to understand whether a traditional stay would preserve Court and party resources."). For example, in *1LSS*, the court was "mindful of the evolving circumstances at the PTAB"—including the effects of the discretionary denial process on institution rates—and confirmed that the USPTO Discretionary Process Memo still "favors a brief stay . . . until the PTAB decides whether to institute IPR." Ex. A (*1LSS*) at 6.

Thus, the potential for simplification of issues from the pending IPR petitions weighs in favor of granting a stay.

### B.  The Stage of Proceedings in This Case Weighs in Favor of a Stay

"Stays are favored when the 'most burdensome stages of the case—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future.'" *Bio-Rad Lab'ys Inc. v. 10X Genomics, Inc.,* C.A. No. 18-1679-RGA, 2020 WL 2849989, at *1 (D. Del. June 2, 2020) (quoting *IOENGINE*, 2019 WL 3943058, at *5). The state of the district court proceedings weighs in favor of a stay because this case is in its infancy. Only minimal work has taken place in this case for the parties and the Court. The fact discovery period has only just opened, and no major events in the case have occurred. Semitech has yet to serve its initial infringement contentions or even produce a single document other than the prosecution histories for the asserted patents. Discovery will not close for eleven months. Claim construction briefing has not yet been submitted, expert reports have not been exchanged, and expert

8

discovery has not yet begun. Trial is scheduled for October 2027, nearly two years in the future. And Semitech has already extended the deadline for it to submit infringement contentions by over a month. D.I. 58.

Staying the case pending institution decisions on the IPRs will undoubtedly serve the interests of judicial economy. The Court has not yet needed to expend substantial resources on this case, and may not need to consider and resolve claim construction; expert discovery issues; post-discovery motion practice including summary judgment, pre-trial, and trial; as well as any other contested issues that have not yet been briefed under the Court's current Scheduling Order. Courts have granted stays in cases in similar scenarios and in many cases much further along. *See, e.g.*, Ex. A (*1LSS*), at 2 (granting a stay where the case was "in its earliest stages" after preliminary infringement contentions were served); *TC Tech.*, 2021 WL 4521045, at *7, 11 (granting a stay even though claim construction and fact discovery had completed and trial was approximately two months away, in part because "the most burdensome parts of the case for the parties and the court all lie in the future"); *British Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *4-6 (D. Del. Sept. 27, 2019) (granting a stay even though fact discovery had been completed and trial was three months away, in part because "the most burdensome parts of the case for the parties and the court—preparation for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future"). In fact, in *1LSS*, the court found the case to be in its early stages despite the fact that the parties had served preliminary infringement contentions, and the trial was set to merely 12 months ahead, as compared to the current case where contentions have not yet been served, and trial is currently set nearly two years from now, in late 2027. Ex. A, at 2-3; D.I. 26, at 11.

For these reasons, because the case is in early stages, this factor weighs strongly in favor of granting a stay.

## C. A Stay in This Case Would Not Prejudice Semitech

In analyzing whether the plaintiff would suffer undue prejudice, courts have examined four factors: "(1) [t]iming of the request for [USPTO review];" "(2) [t]iming of the request for stay; "(3) [s]tatus of [USPTO] proceedings;" and "(4) [t]he relationship of the parties.'" *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, C.A. No. 10-503-SLR, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010) (granting stay). This Court has found a request for USPTO review of a patent is prompt for purposes of entering a stay when filed before the most labor-intensive portions of a case have been conducted, like claim construction, substantial discovery, expert discovery, and pretrial motion practice. *See Bio-Rad Lab'ys*, 2020 WL 2849989, at *1-2 (granting stay). A stay will not unduly prejudice Semitech, nor will it provide Apple an unfair tactical advantage.

First, Apple was diligent in filing its requests for IPRs. Apple filed its requests for IPRs only four months after Semitech filed its Amended Complaint, and well within the statutory one-year bar set forth in 35 U.S.C. § 315(b). Indeed, Apple filed its IPR Petitions even before Semitech served any infringement contentions—and these petitions challenge all claims of all asserted patents. Under these circumstances, Apple's actions do not reflect any intent to delay. Furthermore, while Apple filed well before the statutory deadline, this Court has found filing even at the end of the statutory period does not undermine the timeliness of the request when the case remains in its early stages. *See Bio-Rad Lab'ys*, 2020 WL 2849989, at *1-2 (granting stay where the "IPR petitions were filed at the end of the prescribed statutory period"); *see also Sirona Dental Sys. GmbH v. Dental Wings, Inc.*, C.A. No. 14-460-LPS-CJB, 2016 U.S. Dist. LEXIS 155706, at *26 (D. Del. Mar. 22, 2016) ("In all but unusual cases, it is hard for the Court to conclude that filing for an IPR in the sanctioned statutory window speaks to sharp practice.").

Second, Apple was diligent in filing this Motion to Stay less than one month after filing its IPRs. Courts in this district have found similarly timed motions to stay proper. *See, e.g.*, *Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *5 (D. Del. Jan. 15, 2014) (finding a motion to stay filed nearly one month after the IPR petition was filed to show no "inappropriate tactical advantage, and find[ing] that this subfactor weighs in favor of a stay").

Third, the IPRs were accorded filing dates on December 2, 2025, and institution decisions on the IPRs will be issued no later than June 2, 2026. *See* Exs. D, E, F; 35 U.S.C. §§ 314(b), 316(a)(11) (requiring that the USPTO rule on a petition within three months after receiving a patent owner preliminary response (or the last date for filing one)); 37 C.F.R. § 42.107 (requiring that a patent owner provide its response to a petition, if any, no later than three months after the filing date). As such, granting a stay pending these IPR decisions is warranted to conserve court and party resources—particularly as the Director's institution decision is expected before Claim Construction briefing will be complete and before the currently scheduled *Markman* Hearing. *See, e.g.*, *SunPower Corp*, 2014 WL 12774919, at *1-2 (granting a pre-institution stay where "any stay would be lifted by [6 months after the filing date of the IPR petitions] if [Defendant's] IPR petitions are not granted"); *Princeton Digital Image Corp.*, 2014 WL 3819458, at *5-6 (granting stay pre-institution); *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C.A. No. 12-1107-GMS, 2014 WL 1369721, at *7 (D. Del. Apr. 7, 2014) (granting stay where two out of four IPR petitions had not yet been granted).

Fourth, with respect to the relationship between the parties, Semitech is a non-practicing entity that seeks only monetary relief in this lawsuit and does not compete with Apple. *See* D.I. 18, at 21. As such, a stay would not prejudice Semitech because it faces no potential loss of

11

market share or competitive disadvantage. *See, e.g.*, *TTI Consumer Power Tools*, 2022 WL 16739812, at *2 (holding that "[a]bsent direct competition, a stay is not likely to unduly prejudice [defendant]"); *TC Tech*, 2021 WL 4521045, at *9 (finding no prejudice to plaintiff because it is a patent assertion entity and does not compete with defendant); *Princeton Digital Image Corp.*, 2014 WL 3819458, at *6 (finding this subfactor weighing in favor of a stay because as here: "Plaintiff is a non-practicing entity . . . [and] Plaintiff's damages, if any, are purely monetary and can be accommodated by the award of interest if it ultimately prevails" (citations omitted)). Comparatively, despite some concerns of prejudice to a plaintiff that actually claimed to sell a competing product, the *1LSS* court was still compelled to order a brief stay pending institution. Ex. A (*1LSS*) at 6.

As such, any purported delay "will not diminish the monetary damages to which [Semitech] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages" *Virtual Agility, Inc. v. Salesforce.com, Inc.,* 759 F.3d 1307, 1318 (Fed. Cir. 2014) (reversing and remanding a denial for stay pending post-grant review, where parties were competitors). Indeed, courts in this District and elsewhere often stay cases pending PTAB institution decisions where the patent owner is a non-practicing entity that is "realistically looking only for monetary damages" and is thus unlikely to "suffer any undue prejudice if the motion is granted." *E.g., MiiCs & Partners Am. Inc. v. Toshiba Corp.*, C.A. No. 14-803-RGA, 14-804-RGA, 2015 WL 9854845, at *1-2 (D. Del. Aug. 11, 2015); *SunPower Corp*, 2014 WL 2774919, at *2-3 (same); *Bonutti Skeletal Innovations*, 2014 WL 1369721, at *1 (same); *Neste Oil*, 2013 WL 424754, at *5-6 (same); *Scramoge Tech., Ltd. v. Volkswagen Grp. of Am.*, No. 22-cv-10730, 2022 WL 17616451, at *3 (E.D. Mich. Dec. 12, 2022) (same). Especially because

12

discretionary denial decisions are due at the beginning of April, any delay would be brief and would not prejudice Semitech.

Because Semitech is not prejudiced and Apple will not gain an unfair tactical advantage, this factor weighs in favor of granting a stay in this matter.

## VI. CONCLUSION

In sum, all factors weigh in favor of a stay until the IPR institution decisions are issued. A stay will conserve resources for the Court and the parties, given the simplification of the case if the IPRs are instituted, and will impose no undue hardship upon Semitech. Accordingly, Apple respectfully requests that the Court grant this Motion and stay the case until the Director issues a decision on whether to institute the IPRs. If IPR(s) are instituted, Apple respectfully requests that the Court maintain the stay until resolution of the IPR(s).

OF COUNSEL:

James L. Davis, Jr.
Nancy Attalla
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1540 El Camino Real
Suite 120
Menlo Park, CA 94025
Tel: (650) 815-2600

Daniel W. Richards
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA 94111
Tel: (415) 434-9100

Fan (Frances) Zhang
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, DC 20006
Tel: (202) 747-1900

Kevin J. Post
Lance W. Shapiro
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700

Bethany Stevens
Hannah Cannom
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
Tel: (213) 712-9145

Dated: December 16, 2025
12611666 / 12209.00061

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Defendant Apple Inc.*

14