# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYW SEMITECH, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendants. | Case No. 25-504-RGA -EGT <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF'S OPPOSITION TO APPLE INC. MOTION TO STAY PENDING *INTER PARTES* REVIEW OF THE ASSERTED PATENTS

Dated: January 13, 2026

OF COUNSEL:
Ronald M. Daignault* (*pro hac vice*)
Chandran Iyer (*pro hac vice*)
Ray Mort* (*pro hac vice*)
Erin Hadi (*pro hac vice*)
Taylor Lepore* (*pro hac vice*)
Richard Juang* (*pro hac vice*)
DAIGNAULT IYER LLP
8229 Boone Boulevard – Suite 450
Vienna, VA 22182
*Not admitted in Virginia

COUNSEL:
Stamatios Stamoulis (#4606)
Richard C. Weinblatt  (#5080)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*MYW Semitech, LLC*

# Table of Contents

I.   NATURE AND STAGE OF THE PROCEEDINGS ............................................................... 1

II.   LEGAL STANDARD ........................................................................................................ 2

III.   ARGUMENT .................................................................................................................... 3

   A.   A stay will not simplify the issues for trial. ...................................................... 3

   B.   The status of the case weighs against a stay. .................................................... 6

   C.   A stay will unduly prejudice MYW. .................................................................. 8

IV.   CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*1LSS Inc. v. Apple Inc.*,
  No. 2:24-cv-08769-SRM-JPR, Dkt. 53 (C.D. Cal. Nov. 19, 2025)............................................5

*454 Life Scis. Corp. v. Ion Torrent Sys. Inc.*,
  C.A. No. 15-595-LPS, 2016 U.S. Dist. LEXIS 153978 (D. Del. Nov. 7, 2016) ......................2

*Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*,
  2016 U.S. Dist. LEXIS 17363 (D. Del. Feb. 11, 2016) ..............................................................9

*Am. Axle & Mfg. Inc. v. Neapco Holdings LLC*,
  C.A. No. 15-1168-LPS, 2021 U.S. Dist. LEXIS 29287 (D. Del. Feb. 17, 2021) ......................3

*Message Notification Techs. LLC v. Microsoft Corp., C.A. No. 13-1881-GMS*,
  2015 WL 13781851 (D. Del. Feb. 23, 2015) .............................................................................5

*Bio-Rad Lab'ys Inc. v. 10X Genomics, Inc.*,
  C.A. No. 18-1679-RGA, 2020 WL 2849989 (D. Del. June 2, 2020) .........................................6

*British Telecomms. PLC v. IAC/InterActiveCorp*,
  C.A. No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019).........................................6

*CAO Lighting Inc. v. Gen. Elec. Co.*,
  C.A. No. No. 20-681-GBW (D. Del. Dec. 19. 2022) ................................................................8

*Davol, Inc. v. Atrium Med. Corp.*,
  2013 U.S. Dist. LEXIS 84533 (D. Del. June 17, 2013)..............................................................9

*Imagevision.net, Inc. v. Internet Payment Exch., Inc.*,
  No. 12-054-GMS-MPT, 2013 U.S. Dist. LEXIS 25015 (D. Del. Feb. 25,
  2013) .....................................................................................................................................6, 8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  C.A. No. 18-452-WCB, 2019 U.S. Dist. LEXIS 141545 (D. Del. Aug. 21,
  2019) .....................................................................................................................................1, 6

*N. Atl. Imps., LLC v. Loco-Crazy Good Cookers, Inc.*,
  No. 23-999-GBW-SRF, 2024 U.S. Dist. LEXIS 210548 (D. Del. Nov. 19,
  2024) ..........................................................................................................................................3

*Plastic Omnium Advanced Innovation and Research v. Donghee America Inc. et
  al.*,
  1:16-cv-00187, D.I. 196 (D. Del. Oct. 27, 2017)........................................................................4

*PPC Broadband, Inc. v. Charles Industries, LLC et al.*,
    1:22-cv-1517, D.I. 54 (D. Del. Dec. 21, 2023) ........................................................................3

*TC Tech. LLC v. Sprint Corp.*,
    C.A. No. 16-153-WCB, 2021 U.S. Dist. LEXIS 190695 (D. Del. Oct. 4, 2021) ......................3

*Twinstrand Biosciences, Inc. v. Guardant Health, Inc.*,
    2022 U.S. Dist. LEXIS 237939 (D. Del. Oct. 28, 2022) ..........................................................5

*Universal Secure Registry, LLC v. Apple Inc.*,
    C.A. No. 17-585-CFC-SRF, 2018 U.S. Dist. LEXIS 159539 (D. Del. Sept. 19,
    2018) ........................................................................................................................................5

Defendant, Apple Inc. ("Apple") ignores the new reality of *inter partes reviews* ("IPRs"). The USPTO will likely deny Apple's petitions. Since revising its procedure in October 2025, the USPTO has denied 134 of the 147 petitions considered. That is an IPR institution rate of merely 8.8%. *See* Ex. A (Kass., D., *Squires Issues 21 More Patent Review Denials,* Law360 Article). Faced with these facts, Apple fails to identify any particular argument that will overcome the present trend of the USPTO's prevailing tendency to deny IPR petitions. At this juncture, Apple's motion is entirely too speculative to serve as a basis to stay this case. *See e,g, Earin AB v. Skullcandy Inc.* C.A. No. 1:24-cv-275, D. I. 46 (D. Del. Dec. 23, 2025) (Ex. B) (denying recent motion to stay before institution because "institution and subsequent invalidation is too speculative").

Indeed, "courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted." *IOENGINE, LLC v. PayPal Holdings, Inc.*, Civil Action No. 18-452-WCB, 2019 U.S. Dist. LEXIS 141545, *16 (D. Del. Aug. 21, 2019). Apple identifies no persuasive reason why the Court should not continue to follow this well-established precedent, especially in light of the new reality for IPRs. For this and the reasons discussed below, this Court should deny Apple's motion.

I.   **NATURE AND STAGE OF THE PROCEEDINGS**

MYW Semitech, LLC ("MYW") filed a Complaint against Apple on April 24, 2025 for patent infringement of U.S. patent nos. 11,107,768; 11,538,763; and 11,894,306 (the "asserted patents"). D.I. 1. After waiting six months, Apple filed its petitions for IPR against the asserted patents on November 21, 2025. Subsequently, Apple filed its present motion to stay on December 16, 2025. D.I. 59. Discretionary-denial decisions for each IPR are due on April 2, 2026 and the institution decisions are due from the Board on June 2, 2026.

Despite Apple's suggestions to the contrary, this case is *not* in its earliest stages. On August 18, 2025, Apple served its first set of Interrogatories and Requests for Production (D.I. 21), which MYW answered on October 2, 2025 (D.I. 32). Initial Disclosures were exchanged on October 16, 2025, per the Court's Scheduling Order. D.I. 26, 41, and 42. On October 21, 2025, MYW served its first set of Interrogatories and Requests for Production (D.I. 45) which Apple responded to on November 21, 2025. D.I. 56 MYW has completed document collection, and document review is currently on-going. Document production will occur in due course.

Though Apple ostensibly served its core technical documents on November 7, 2025, that production was wholly deficient, and, to date, has not been supplemented. Indeed, MYW and Apple have engaged in multiple meet and confers to discuss the scope of each party's discovery requests, the production of source code, and Apple's deficient production of technical documents. Thus, the extensions of time for service of MYW's infringement contentions arise from Apple's feigned ignorance of what it was required to produce and its on-going delay in producing documents. Nonetheless, with the information it had, MYW served its initial infringement contentions on January 9, 2026 (D.I. 62).

**II.     LEGAL STANDARD**

A court has discretionary authority to deny or grant a motion to stay. *454 Life Scis. Corp. v. Ion Torrent Sys. Inc.*, C.A. No. 15-595-LPS, 2016 U.S. Dist. LEXIS 153978 at *6 (D. Del. Nov. 7, 2016). Courts consider three factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *Am. Axle & Mfg. Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 U.S. Dist. LEXIS 29287, at *3-4 (D. Del. Feb. 17, 2021). This three-factor test "is not a rigid

2

template for decision. Rather, district courts retain the discretionary prerogative to balance considerations beyond those captured by the three-factor stay test." *TC Tech. LLC v. Sprint Corp.*, C.A. No. 16-153-WCB, 2021 U.S. Dist. LEXIS 190695, at *11 (D. Del. Oct. 4, 2021) (internal citations and quotation marks omitted). "[U]ltimately the court must decide stay requests on a case-by-case basis, and whether a stay should be granted turns in each case on the totality of the circumstances." *See Brit. Telecommc'ns PLC v. IAC / InterActiveCorp.*, C.A. No. 18-366-WCB, 2020 U.S. Dist. LEXIS 166996, at *13 (D. Del. Sept. 11, 2020) (internal citations and quotation marks omitted).

III.    **ARGUMENT**

    A.    **A stay will not simplify the issues for trial.**

Whether or not a stay will simplify the issues for trial is "[t]he most important factor bearing on whether to grant a stay," and here this factor weighs against a stay for many reasons, including the fact that it is unlikely Apple's IPRs will surpass the discretionary-denial period. *N. Atl. Imps., LLC v. Loco-Crazy Good Cookers, Inc.*, No. 23-999-GBW-SRF, 2024 U.S. Dist. LEXIS 210548, at *4 (D. Del. Nov. 19, 2024) *citing British Telecomms. PLC v. IAC/InterActiveCorp,* C.A. No. 18-366-WCB, 2019 U.S. Dist. LEXIS 166651 (D. Del. Sept. 27, 2019).

With nothing more than its say-so attorney argument, defendant claims that this simplification factor weighs in its favor. But this Court has determined on multiple occasions that a stay is *not* appropriate where no institution decision has been made. *PPC Broadband, Inc. v. Charles Industries, LLC et al.,* 1:22-cv-1517, D.I. 54 (D. Del. Dec. 21, 2023) ("the Court exercises its discretion to deny the stay, 'as courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted'") (citation omitted); *Plastic Omnium Advanced Innovation and Research v. Donghee America Inc. et al.*,

3

1:16-cv-00187, D.I. 196 (D. Del. Oct. 27, 2017) ("Defendants' motion to stay this case pending inter partes review of several asserted patents (D.I. 144) is DENIED. No institution has been made . . . .") (Ex. C) O*mni MedSci, Inc. v. Whoop, Inc.*, C.A. No. 25-140, 2025 U.S. Dist. LEXIS 264946, at *7 (D. Del. Dec. 23, 2025)("stays are almost never granted before such review is instituted."); *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366, 2019 U.S. Dist. LEXIS 166651, (D. Del. Sept. 27, 2019) (collecting cases and noting that "courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted"); and *Pratt Retail Specialties, LLC v. ProAmpac Holinds Inc.*, C.A. No. 1:24-cv-01073-RGA, D.I. 62 (D. Del. Aug. 14, 2025)(Ex. D) ("The motion to stay pending IPR (D.I. 46) is DENIED. If the IPR petition is granted, and Defendant chooses to renew the motion to stay, it may do so by notifying the Court of that request…) . Here, not only have the IPRs not been instituted but there are nearly *four months* before the discretionary denial deadline on April 2, 2026. Even if the IPRs make it past the discretionary denial period there are still another two months before the institution deadline on June 2, 2026. Disrupting the case schedule with a lengthy stay when it is highly unlikely Apple's IPRs will even be instituted is inefficient and prejudicial to MYW.

As noted above, the USPTO has only instituted 8.8% of IPR petitions since the current Director began reviewing petitions in October. *See* Ex. A ("Squires has now instituted review in a total of 13 cases and denied review in 134, for an institution rate of 8.8%"). That is a mere 13 petitions out of the 147 petitions that have been reviewed. Such a small number of institutions makes it clear that Apple's motion lacks a substantial basis for this Court to grant a stay. In fact, unless the PTAB institutes any of the IPRs, any claim that the instituted IPR will simplify the issues for trial is merely speculation and insufficient to support a stay. *Consumeron, LLC v.*

4

*MapleBear Inc.*, D. Del. 1:21-cv-01147-GBW-MPT, D.I. 137 ¶ 21 (Ex. E) (denying institution of a stay because, "the benefits cited by [Defendant] are largely those afforded *after the* IPR has been instituted," and is therefore speculative as best.)

Also, in seeking a stay, Apple relies on the *1LSS Inc. v. Apple Inc.,* No. 2:24-cv-08769-SRM-JPR, Dkt. 53 (C.D. Cal. Nov. 19, 2025) and other cases from the Central District of California to argue that a stay will simplify the case. But the rationale in those cases is inapposite in this district, where this Court operates with different local rules and handles scheduling orders and initial discovery obligations differently. The prevailing rationale in this Court is to deny a stay prior to institution because it is less efficient. *See Universal Secure Registry, LLC v. Apple Inc.,* C.A. No. 17-585-CFC-SRF, 2018 U.S. Dist. LEXIS 159539, at *6 (D. Del. Sept. 19, 2018) ("As a practical matter, putting the case on hold until the decision to institute is made is likely less efficient than continuing on track through discovery" and "[u]nless and until the PTAB institutes IPR and CBM proceedings based on the petitions, any expected simplification rests on speculation that such institution will occur.").

More to the point, Apple citations only include a pair of 2015 cases from this District, where the court granted a motion to stay before institution to suggest a stay will simplify issues. *See* Opening at 5-6 (*citing SunPower Corp. v. PanelClaw, Inc.,* C.A. No. 12-1633-GMS, 2014 WL 12774919 (D. Del. May 16, 2014)*, and Message Notification Techs. LLC v. Microsoft Corp.,* C.A. No. 13-1881-GMS, 2015 WL 13781851, at *1 (D. Del. Feb. 23, 2015). But again, those two cases stand in isolation against the myriad of cases in this district denying a motion to stay prior to institution. Apple further ignores that those decisions relied, in part, on the fact that the PTO was much more likely to grant a PTO at that time. *Message Notification Techs. LLC v. Microsoft Corp.,* C.A. No. 13-1881-GMS, 2015 WL 13781851, at *fn. 4 (noting that in 2014 "statistics

5

show the PTAB elects to institute review in the majority of cases."). No other recent cases have relied on those holding.

Indeed, more recent Delaware courts have routinely held that the simplification factor weighs against a stay when the PTAB has not yet decided whether to institute IPR proceedings. *Twinstrand Biosciences, Inc. v. Guardant Health, Inc.*, 2022 U.S. Dist. LEXIS 237939, at *31 (D. Del. Oct. 28, 2022) ("Plaintiffs' second basis for simplification does not weight in favor of a stay at this stage because the PTAB has not yet decided whether to institute IPR proceedings…") *citing Invensas Corp. v. Samsung Elecs. Co.,* C.A. No. 17-1363-MN-SRF, 2018 U.S. Dist. LEXIS 169999, at *8-9 (D. Del. Oct. 2, 2018) (concluding that the issue simplification factor weighs against a stay before the PTAB issues an institution decision). This is even more true now given the current IPR-institution rate of only 8.8%.

For this reason alone, Defendant's request for a stay should be denied.

B.     **The status of the case weighs against a stay.**

Apple suggests that the status of the case weighs in its favor by minimizing the actions already taken in fact discovery. This is not true. As a threshold matter, none of the Delaware cases that Apple cites for this factor are relevant here because all those cases stayed the case *after* the USPTO instituted review of at least one of the patents-in-suit. *See Bio-Rad Lab'ys Inc. v. 10X Genomics, Inc.,* C.A. No. 18-1679-RGA, 2020 WL 2849989, *1 (D. Del. June 2, 2020) ("On April 27, 2020, the Patent Trial and Appeal Board instituted *inter partes* review  proceedings on all asserted claims of the patents-in-suit"); *IOENGINE*, 2019 WL 3943058 ("Ingenico filed its motion for a stay within three days after the'047 IPR institution decision was published."); and *British Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *4-6 (D. Del. Sept. 27, 2019) ("Shortly after the institution of the *inter partes* review proceeding, the Vimeo defendants filed this motion to stay . . . ."). That is not the case here. Prior to

6

institution, nothing in this factor favors a stay. And, "merely claiming that the stage of the case is early is not sufficient grounds to support a stay." *Imagevision.net, Inc. v. Internet Payment Exch., Inc.*, No. 12-054-GMS-MPT, 2013 U.S. Dist. LEXIS 25015, at *10 (D. Del. Feb. 25, 2013)

      Here, the court and parties already expended resources in this litigation. The Court already established a schedule with a trial date set for October 18, 2027 and reviewing briefing related to a discovery dispute over the protective order. D.I. 42, 44, 46, and 48. Likewise, both parties served discovery requests and either produced documents or began the process of doing so. And as of the filing of this opposition, MYW has served its initial infringement contentions, its first set of interrogatories, first set of requests for production, and responded to Apple's corresponding requests. The parties have also engaged in multiple meet and confers with in-depth discussions about the state of document production, the production of source code, deficiencies in Apple's core technical documents, and supplementation of interrogatory responses. MYW has also conducted its initial review of Apple's deficient source code production. And, MYW is actively in the process of collecting documents for production.

      Apple points out that the deadline to submit infringement contentions has been extended by over a month to suggest that MYW is complicit in any alleged delay in discovery. But this is disingenuous, because these extensions were due to Apple's own delay in producing core technical documents and making source code available, some of which Apple has still not provided. For example, MYW is still waiting for Apple to identify its internal product code names for the accused chips, and for the production of pertinent technical documents about the accused products. Therefore, it is erroneous to argue that the case is in such an early stage that, "[s]taying the case pending institution decisions on the IPRS will undoubtedly serve the interests of judicial economy." D.I. 60 at 9.  Instead, this case would be further along, but Apple is

7

manufacturing issues by delaying and obfuscating MYW's ability to review and identify relevant documents that Apple should have already produced.

In any event, the parties are actively moving forward with fact discovery in accordance with the scheduling order in this case. All of this would favor denying the stay. Indeed, this court previously recognized that this factor may favor denial when the parties have expended resources on discovery, the "scheduling order has been issued, with cut off dates for discovery, including expert discovery, and the Markman process and letter briefs on case dispositive motions loom in the near future (within six to eleven months from the filing of defendant's renewed motion)." *Imagevision.net, Inc. v. Internet Payment Exch., Inc.*, No. 12-054-GMS-MPT, 2013 U.S. Dist. LEXIS 25015, at *11 (D.Del Feb. 25, 2013) (finding that "with ongoing discovery and milestones in the schedule to occur within the next six months; …, the relative status of litigation and the reexamination proceedings do not favor a stay."). Moreover, it has been recognized that the stage of litigation must be balanced against the state of the IPR proceedings. *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *12 (D. Del. July 26, 2012). When the IPR is currently in its early stages, this factor further does not favor a stay, especially because it is unclear whether the IPR decision will be issued before the trial in October 2027. *Id*.

Ultimately, if the case was stayed now, only for the PTAB to deny institution, then the parties would have unnecessarily lost several months of work, be forced to renegotiate the schedule, and be unable to make progress on aspects of the case that are unaffected by the PTAB proceedings.

**C.    A stay will unduly prejudice MYW.**

Apple's motion is extremely premature and would place the entire case on pause for at least the next five months. In determining whether a stay would unfairly prejudice the non-moving party, this District considers several factors, including: (1) the relationship of the parties,

(2) the status of the IPR proceedings, (3) the timing of the IPR petitions, and (4) the timing of the motion to stay. *See, e.g., Cao Lighting, Inc. v. Gen. Elec. Co.*, No. 20-681- GBW, 2022 U.S. Dist. LEXIS 227579, *12 (D. Del. Dec. 19, 2022). Although the parties are not direct competitors, the status of the IPR proceedings weighs against granting a stay.

No IPR has been instituted, and the deadline for determining whether the IPRs will even be instituted is not for another *six months*. If instituted, it could be another year to eighteen months before the PTAB issues its final decisions. *See* 35 U.S.C. § 316(a)(11). And regardless of who prevails before the PTAB, an appeal to the Federal Circuit can delay the matter for yet another year or more. *See* 35 U.S.C. § 141. Thus, the final resolution of the IPR proceedings could take at least three years. Granting a stay now, before the PTAB even makes its decision to institute or not, unnecessarily impairs MYW's patent rights and prejudices MYW's opportunity to move this case forward. *Davol, Inc. v. Atrium Med. Corp.*, 2013 U.S. Dist. LEXIS 84533 (D. Del. June 17, 2013) (finding, "that such a delay risks unnecessarily impairing [Plaintiff's] patent rights," when the PTO proceedings are in their earliest stages.); *Advanced Microscopy*, 2016 U.S. Dist. LEXIS 17363, at *8 ("some caution should be exercised before granting a stay in advance of receiving the PTAB's decision.")

Put another way, the prejudice to MYW is time. While the mere potential for delay is not enough to establish undue prejudice, "staying a case pending PTO review risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff." *Neste Oil Oyj v. Dynamic Fuels*, LLC, Civil Action No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416, *4-11 (D. Del. July 2, 2013). Indeed, courts have recognized that "delay inherently harms a non-moving party by prolonging resolution of the dispute, even if the party is not currently a direct competitor." *Cao Lighting, Inc. v. Gen. Elec. Co.*, No. 20-681- GBW, 2022 U.S. Dist.

9

LEXIS 227579, *12 (D. Del. Dec. 19, 2022) (*citing Rideshare Displays, Inc. v. Lyft, Inc.,* C.A. No. 20-1629-RGA-JLH, 2021 U.S. Dist. LEXIS 241170, *2 (D. Del. Dec. 17, 2021)). This is especially true in the new reality for IPRs, where institutions rarely occur.

Therefore, this third factor also weighs against granting a stay in advance of the PTAB's decision of whether or not to institute proceedings.

## IV. CONCLUSION

For the reasons discuss above, the Court should deny Apple's request to stay pending *inter partes* review of the Asserted Patents because it is purely speculative whether the Board will institute the IPRs, the parties have already exchanged discovery, and the delay of waiting for the discretionary denial and institution decision will unduly prejudice the MYW.

Finally, if the Court denies Apple's motion to stay without prejudice to renew upon institution, MYW notes that Apple's opening brief fails to identify, with any particularity, the specific arguments and claim construction issues that would be simplified if this case is stayed. Moreover, Apple fails to address whether its position would change if some but not all of the IPRs are instituted. Thus, MYW does not concede that a stay should be granted if Apple's IPRs are instituted, and respectfully requests the right to file a five-page response to any notice to renew Apple's present motion, if one should be required.

Dated: January 13, 2026

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

10

*Of counsel*:
Ronald M. Daignault* (*pro hac vice*)
Chandran Iyer (*pro hac vice*)
Ray Mort* (*pro hac vice*)
Erin Hadi (*pro hac vice*)
Taylor Lepore* (*pro hac vice*)
Richard Juang* (*pro hac vice*)
DAIGNAULT IYER LLP
8229 Boone Boulevard – Suite 450
Vienna, VA 22182
**Not admitted in Virginia*

*Attorneys for Plaintiff*
*MYW Semitech, LLC*