# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYW SEMITECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 25-504-RGA-EGT |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| APPLE INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW OF THE ASSERTED PATENTS**

OF COUNSEL:

James L. Davis, Jr.
Nancy Attalla
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1540 El Camino Real
Suite 120
Menlo Park, CA 94025
Tel: (650) 815-2600

Daniel W. Richards
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA 94111
Tel: (415) 434-9100

Fan (Frances) Zhang
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, DC 20006
Tel: (202) 747-1900

Kevin J. Post
Lance W. Shapiro
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Defendant Apple Inc.*

Dated: January 20, 2026
12658415 / 12209.00061

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................................ 1

II. ARGUMENT .............................................................................................................................. 2

    A.    Granting a Stay Increases the Likelihood of Simplification of the Issues .............. 2

    B.    The Case Is Still in Its Early Stages ....................................................................... 5

    C.    Semitech Is Not Prejudiced by a Stay—but Apple Will Be Significantly Prejudiced If a Stay Is Not Granted ........................................................................ 7

III. CONCLUSION .......................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*1LSS Inc. v. Apple Inc.*
   No. 2:24-cv-08769-SRM-JPR, D.I. 53 (C.D. Cal. Nov. 19, 2025)..........................................3, 5

*Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*
   C.A. No. 15-516-LPS-CJB, 2016 WL 558615 (D. Del. Feb. 11, 2016)....................................8

*Apple Inc. v. 1LSS Inc.*
   IPR2025-01180, Paper 15 (PTAB Jan. 16, 2026)......................................................................3

*CAO Lighting, Inc. v. Gen. Elec. Co.*
   C.A. No. 20-681-GBW, 2022 WL 17752270 (D. Del. Dec. 19, 2022) .....................................8

*Davol, Inc. v. Atrium Med. Corp.*
   C.A. No. 12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013).......................................8

*Earin AB v. Skullcandy Inc.*
   C.A. No. 1:24-cv-275, D. I. 46 (D. Del. Dec. 23, 2025).............................................................4

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*
   C.A. No. 09–571–JJF, 2010 WL 2573925 (D. Del. June 25, 2010).........................................7

*Imagevision.net, Inc. v. Internet Payment Exch., Inc.*
   C.A. No. 12-054-GMS-MPT, 2013 WL 663535 (D. Del. Feb. 25, 2013)................................6

*Neste Oil Oyj v. Dynamic Fuels, LLC*
   C.A. No. 12-662-GMS, 2013 WL 424754 (D. Del. Jan. 31, 2013)..........................................7

*Neste Oil OYJ v. Dynamic Fuels, LLC*
   C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013)........................................8

*Omni MedSci, Inc. v. Whoop, Inc.*
   C.A. No. 25-140, 2025 WL 3719630 (D. Del. Dec. 23, 2025)..................................................5

*Pratt Retail Specialties, LLC v. ProAmpac LLC*
   C.A. No. 1:24-cv-01073-RGA, D.I. 62 (D. Del. Aug. 14, 2025) .............................................4

*RideShare Displays, Inc. v. Lyft, Inc.*
   C.A. No. 20-1629-RGA-JLH, 2021 WL 7286931 (D. Del. Dec. 17, 2021).............................8

*SoftView LLC v. Apple Inc.*
   C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .........................................6

*TC Tech. LLC v. Sprint Corp.*
   C.A. No. 16-153-WCB, 2021 WL 4521045 (D. Del. Oct. 4, 2021).........................................3

*Wall Corp. v. BondDesk Grp., LLC*
    C.A. No. 07–844–GMS, 2009 WL 528564 (D. Del. Feb. 24, 2009) ......................................... 7

*Witricity Corp. et al. v. Momentum Dynamics Corp.*
    No. 20-1671, D.I. 32 (Sept. 27, 2021) ...................................................................................... 6

## I.     **INTRODUCTION**

Semitech does not address in its Opposition (D.I. 63, "Opp.") the substantive impact that a stay now has on the new process for instituting IPRs. Under the new process, the decision of whether to institute an IPR is bifurcated into two stages: (1) a "discretionary considerations" stage and (2) if institution is not denied in the first stage, a "merits and other non-discretionary statutory considerations" stage. D.I. 60 ("Mot."), Ex. B, 6-7. Apple's IPRs are at the first, discretionary, stage with briefing at this stage commencing shortly and a decision expected by April 2, 2026 and likely earlier. At this discretionary stage, the Director considers factors, including "whether the court granted a stay," when determining whether to exercise discretion to deny institution. *See* D.I. 60 ("Mot."), 6-7. As a result, granting a stay of this case directly impacts whether the Director will allow Apple's IPRs to move on to the "merits" stage. Allowing the IPR to proceed to a decision on whether to institute on the merits increases the likelihood that the IPR will be instituted—thereby increasing the likelihood of simplification of the issues for the district court litigation.

Instead of acknowledging that a stay significantly increases the likelihood that Apple's IPRs will be instituted under the new process, Semitech focuses on outdated statistics in arguing that Apple's IPRs are not likely to be instituted. *See* Opp., 4. Current statistics show that if Apple's IPRs proceed past the discretionary considerations stage there is a more than an 80% chance of institution. Semitech simply cannot refute that staying this case now significantly increases the likelihood that Apple's IPRs will move past this discretionary stage and be instituted—yielding substantial simplification of the issues and saving party and Court resources.

The other two factors likewise favor a stay. This case is at an early stage: Semitech has yet to produce a single document other than public patent prosecution histories that had to be produced according to the Court's scheduling order. Indeed, so little has happened that Semitech's only

arguments regarding the expenditure of Court resources are that it entered a scheduling order and an agreed Protective Order.

Semitech also would not suffer prejudice. As a non-practicing entity seeking only monetary relief, Semitech concedes the purported prejudice it might suffer is only delay: "the prejudice to [Semitech] is time." Opp., 9. As courts in this District have repeatedly held, delay on its own does not show undue prejudice. Apple's motion should be granted.

## II.     ARGUMENT

### A.     Granting a Stay Increases the Likelihood of Simplification of the Issues

Granting a stay pending institution of IPRs facilitates simplification of the case in two different ways. First, it increases the likelihood that Apple's IPR petitions are considered on the merits. Second, once Apple's IPRs are instituted, the stay pending IPRs itself simplifies the issues because it means that the case will proceed with the benefit of the results of the IPRs—which would at least substantially focus the invalidity case and provide technical guidance about the meaning of the claims and could dispose of the case entirely. Semitech's arguments do not reflect the new realities at the USPTO: (1) the Director's guidance explicitly states that a stay at the District Court favors advancing past the discretionary considerations stage so that the merits are considered; (2) the Director has allowed a substantial number of IPRs to advance to the merits stage—suggesting that if the case is stayed, there is a likelihood that the Director would be willing to advance this IPR past the discretionary considerations stage as well; and (3) institution on the merits is likely if Apple's IPRs move past the discretionary considerations stage.

Under the new bifurcated process, granting a stay increases the likelihood of simplification of the issues. The factors considered by the Director as part of the discretionary denial process include "whether the court granted a stay" in this case. *See* Mot., 6-7. This "evolving circumstance[]" means that granting a stay at this point directly increases the likelihood that

Apple's IPRs will be considered on the merits and instituted—which in turns increases the likelihood that these IPRs will simplify the issues for the Court. *See* Mot., Ex. A (*1LSS Inc. v. Apple Inc.*, No. 2:24-cv-08769-SRM-JPR, D.I. 53 (C.D. Cal. Nov. 19, 2025)) at 8 (granting stay pending the PTAB's decision to institute); *see also* IPR2025-01180, Paper 15 (PTAB Jan. 16, 2026) (Reply Ex. J) (instituting IPR proceedings after stay granted in *1LSS v. Apple*). Thus, a stay promotes the simplification of the issues by encouraging the Director to allow consideration of the IPR on the merits for purposes of institution. The new discretionary denial procedure thus presents a new reality that uniquely warrants a stay while IPRs are at the discretionary considerations stage.

And of course, because Apple's IPRs challenge all claims of all asserted patents, any PTAB decision on the merits will at least provide simplifying guidance for—and possibly fully dispose of—this case. *See* Mot. 5-6. Because the potential for simplification of the issues is "[t]he most important factor," this consideration weighs strongly in favor of a stay. *TC Tech. LLC v. Sprint Corp.*, C.A. No. 16-153-WCB, 2021 WL 4521045, at *4, 7 (D. Del. Oct. 4, 2021).

The outdated PTAB statistics that Semitech cites do not reflect the present situation. Since taking over the decision-making process on October 20, 2025, the Director has instituted about 40% of IPRs—substantially more than the 8.8% in Semitech's outdated article (*contra* Opp., 4-5).[1] And, IPRs that advance past the discretionary stage are substantially more likely to be instituted: updated statistics show that about 80% of IPRs that make it to the merits phase are

---

[1] *See* Reply Ex. G, at 2 (showing that institution decisions were issued in 142 (131+11) of 356 (142+181+44) IPRs, which is roughly 40%, of IPRs on which the Director has issued institution decisions). "Reply Ex. __" refers to the exhibits to the Declaration of Daniel W. Richards submitted concurrently herewith.

3

instituted.[2,3] This is not an aberration: the numbers in Semitech's cited article indicate that the Director was instituting about 80% of IPRs at the merits stage even then. *See* Opp., Ex. A (discussing institution of 13 out of 16 IPRs at the merits stage). Thus, if Apple's IPRs move past the discretionary considerations stage, they have about an 80% chance to get instituted—resulting in a simplification of the issues. Granting a stay in this case—and thereby increasing the likelihood of moving past the discretionary considerations stage—will directly affect whether Apple's IPRs are considered on the merits and the case can get simplified.

Semitech's case law does not address the impact of the Director's consideration of whether a case is stayed as part of the discretionary considerations stage of IPRs. *See* Opp., 3-6. Indeed, the cases Semitech cites that were decided while the new bifurcated process was in place do not address how a stay at the discretionary denial stage itself increases the likelihood that IPR proceedings are instituted—and therefore that the issues will be simplified. *See Pratt Retail Specialties, LLC v. ProAmpac LLC*, C.A. No. 24-1073-RGA, D.I. 62 (D. Del. Aug. 14, 2025) (Opp. Ex. D) (motion to stay with leave to renew where briefing did not address the impact of a stay on the likelihood of institution); *Earin AB v. Skullcandy Inc.* C.A. No. 24-275, D. I. 46 (D.

---

[2] In statistics kept by Unified Patents, which summarize IPR institution rate statistics from October 20, 2025 to present, of the 356 IPRs in which a decision on whether to institute the IPR has issued, 181 of those decisions (51%) denied institution at the discretionary denial stage. Reply Ex. G (data from https://portal.unifiedpatents.com/ptab/analytics/case-level/by-status-and-phase?sort=up_institution_date&type=IPR&up_institution_date=2025-10-20--2026-01-20). Additionally, of the IPRs that advanced to the merits stage of the institution decision, 142 out of 175 IPRs (81%) were instituted. *Id.*

[3] In the statistics shown in Reply Ex. G, under "Not Instituted," the "Procedural" outcomes reflect discretionary denials at the discretionary considerations stage, and the "Merits" outcome reflects denials at the merits stage. Under "Post-Institution," "Settlement" reflects IPRs that were instituted and have settled, and "Pending" reflects IPRs that are still pending. Note that while the donut chart titled "Outcomes at Institution Decision" in Reply Ex. G does not appear to reflect the most recent data, the latest data is captured in the statistics summarized above and shown in Reply Ex. G at 3-20.

4

Del. Dec. 23, 2025) (Opp. Ex. B) (same); O*mni MedSci, Inc. v. Whoop, Inc.*, C.A. No. 25-140, 2025 WL 3719630, at *1-2 (D. Del. Dec. 23, 2025) (discretionary denial decisions already issued); *cf.* Mot., Ex. A (*1LSS Inc. v. Apple Inc.*, No. 2:24-cv-08769, D.I. 53 (C.D. Cal. Nov. 19, 2025) (granting stay after consideration of the impact of the new discretionary denial proceedings).

Simplification of the case strongly weighs in favor of stay. A stay now during the discretionary stage increases the likelihood of institution where some or all the asserted claims may be found unpatentable, Apple would be estopped from raising certain defenses in this case,[4] and the PTAB will provide additional guidance during the IPR proceedings.

### B. The Case Is Still in Its Early Stages

There can be no doubt that this case is still in its early stages: discovery has barely started and remains open for another 10 months, no claim construction exchanges have taken place, no third-party discovery has occurred, and Semitech still has not produced a single document beyond publicly available asserted patent prosecution histories. *See* Opp., 2, 7. Trial is not set until November 2027—more than 20 months away. Indeed, according to Semitech, the only efforts the parties have asked the Court to undertake are "establish[ing] a schedule" and "reviewing briefing related to" a disagreement over the Protective Order—but even that dispute was resolved by the parties before briefing was complete. *See* Opp., 7; D.I. 48 (notifying the Court that the parties resolved their dispute prior to Apple submitting its letter brief). And while Semitech also points to discovery meet and confers between the parties, these discussions have yet to ripen into issues raised before the Court.[5] Semitech's own brief thus underscores the early stage of the case.

---

[4] Apple has stipulated that it will not raise any defenses in the district court proceeding that it raised or reasonably could have raised in the IPRs. *See* Reply Ex. H.

[5] To be clear, Apple disagrees with Semitech's characterization of the state of discovery. Apple timely provided ample technical discovery sufficient for Semitech to serve infringement contentions, including producing its core technical documents and making its code available, at the Court-ordered deadline. That production includes detailed source code, organized by the

5

Semitech does not dispute that the case law from this District confirms that this early stage of the case favors a stay (*see* Mot., 8-9). Instead, Semitech wrongly asserts that the Court must simply ignore this factor because institution has not yet occurred—claiming "[p]rior to institution, nothing in this factor favors a stay." Opp., 6-7. Semitech cites no case supporting this novel proposition—and none exists. To the contrary, this District has previously granted a stay pending IPRs that had not yet been instituted. *See, e.g., Witricity Corp. et al. v. Momentum Dynamics Corp.*, No. 20-1671, D.I. 32 (Sept. 27, 2021) (Reply Ex. I) (granting stay pending IPRs prior to institution). Indeed, neither case Semitech relies upon when addressing this factor suggests that this factor should be ignored pre-institution; to the contrary, Semitech's cases do not even address a stay pending *inter partes* **review**. *See Imagevision.net, Inc. v. Internet Payment Exch., Inc.*, C.A. No. 12-054-GMS-MPT, 2013 WL 663535, at *3 (D. Del. Feb. 25, 2013) (considering motion to stay pending *inter partes* **reexamination**; plaintiff had "produced almost 38,000 pages of confidential documents," and "significant discovery issues were addressed by the court" several months earlier); *SoftView LLC v. Apple Inc.,* C.A. No. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (also deciding a stay pending *inter partes* **reexamination**, and observing that such proceedings "are likely to take 6.5 to 8 years to reach a final decision" (internal quotations omitted)). *Inter partes* **reviews**—created under the AIA and which reach a final written decision within 12 months of institution—are substantially different procedurally and in practice from the predecessor *inter partes* **reexamination** proceedings. In contrast to Semitech's cases considering

---

processor names used in Semitech's contentions, describing the structure of all 25 processors Semitech identified in its Paragraph 4(a) disclosure of accused products. To date this code has been reviewed by Semitech's code reviewer for less than one day. The documents Semitech refers to in its Opposition instead are purportedly responsive to Semitech's overbroad and ambiguous discovery requests that it served one week before Apple's core technical production was due. The extensions thus were not "due to Apple's own delay" (*contra* Opp., 7), as Apple will document if necessary at the appropriate time.

6

these predecessor proceedings, the cases cited in Apple's motion reflect that this District is willing to stay cases pending IPR. *See* Mot., 8-9.

This factor favors a stay.

### C. Semitech Is Not Prejudiced by a Stay—but Apple Will Be Significantly Prejudiced If a Stay Is Not Granted

As a non-practicing entity that seeks only monetary relief, Semitech admits it has no articulable basis for prejudice beyond the time delay inherent in a stay. Opp., 9 ("the prejudice to MYW is time"). But it is well-established in this District that "the potential for delay does not, by itself, establish undue prejudice." *Neste Oil Oyj v. Dynamic Fuels, LLC*, C.A. No. 12-662-GMS, 2013 WL 424754, at *2 (D. Del. Jan. 31, 2013); *see also Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, C.A. No. 09–571–JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010); *Wall Corp. v. BondDesk Grp., LLC*, C.A. No. 07–844–GMS, 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009).

Discretionary denial decisions are expected in less than three months, and institution decisions at the merits stage in less than five.[6] If Apple's IPRs were to be denied institution, Semitech would not suffer any material prejudice from such a short delay. And if Apple's IPRs are instituted, the longer stay would be warranted because of the likelihood of some or all of Semitech's claims being invalidated and, with respect to any claims that might survive IPRs, the simplifying benefits arising from the parties' positions taken and the PTAB's guidance provided during IPR proceedings. *See* Mot., 5-6 (collecting cases). In contrast, if the case is not stayed and the IPRs were to be instituted, then much of the claim construction and other work that would happen over the next six months likely would have to be redone to account for the outcome of the IPRs.

---

[6] Semitech miscalculates the length of any stay (*see* Opp., 8-9); the IPRs were accorded filing dates on December 2, 2025. Discretionary denial decisions are therefore due April 2, 2026, and merits decisions are due June 2, 2026. *See* Mot., Exs. D-F.

7

None of the case law Semitech cites demonstrates that it, as a non-practicing entity, would suffer material prejudice that weighs against a stay. To the contrary, Semitech is not (and does not even allege to be) a competitor of Apple—unlike in most of Semitech's cited cases. *See, e.g.*, *Davol, Inc. v. Atrium Med. Corp.*, C.A. No. 12-958-GMS, 2013 WL 3013343, at *5 (D. Del. June 17, 2013) ("[plaintiff] sufficiently demonstrated that it is a direct competitor of [defendant] in a limited market"); *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) ("it is uncontested that the parties are competitors"); *RideShare Displays, Inc. v. Lyft, Inc*., C.A. No. 20-1629-RGA-JLH, 2021 WL 7286931, at *2 (D. Del. Dec. 17, 2021) (delay would "prevent[] Plaintiff from fairly competing in the ride-sharing security market for a prolonged period").

Similarly, in *CAO Lighting, Inc. v. Gen. Elec. Co.*, the parties each were practicing entities with "products at issue in these litigations," and the Court also found that all factors "do not weigh in favor of a stay," including because the case "ha[d] been pending ... for more than two-and-a-half years"). C.A. No. 20-681-GBW, 2022 WL 17752270, at *2, *3 (D. Del. Dec. 19, 2022). And in *Advanced Microscopy Inc. v. Carl Zeiss Microscopy, LLC*, the Court did not address whether the plaintiff would be prejudiced, and instead recognized that even pre-institution, the court has discretion to grant a motion to stay "if all of the facts warrant it." C.A. No. 15-516-LPS-CJB, 2016 WL 558615, at *2 (D. Del. Feb. 11, 2016).

In contrast, if a stay is denied and, based on that denial, the PTAB then denies institution of the IPR, then Apple will be severely prejudiced because it will have lost its chance to avail itself of the IPR procedure at the PTAB. This would force Apple to expend substantial additional resources that it would not have had to spend if the IPRs were instituted and the case were simplified—as will be likely if Apple's IPRs are considered on the merits.

8

Semitech would not suffer prejudice if a stay is granted, but Apple will suffer significant prejudice if its motion to stay is denied. This factor favors a stay.

## III. CONCLUSION

Particularly in view of the Director's new discretionary denial procedure, granting a stay increases the simplification effects of IPR proceedings. The case is still in its infancy, and as a non-practicing entity, Semitech will not be unduly prejudiced. Apple's motion to stay should be granted.

|  |  |
|---|---|
| | Respectfully submitted, |
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | |
| | By: */s/ David E. Moore* |
| James L. Davis, Jr. | David E. Moore (#3983) |
| Nancy Attalla | Bindu A. Palapura (#5370) |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | Andrew M. Moshos (#6685) |
| 1540 El Camino Real | Hercules Plaza, 6th Floor |
| Suite 120 | 1313 N. Market Street |
| Menlo Park, CA 94025 | Wilmington, DE 19801 |
| Tel: (650) 815-2600 | Tel: (302) 984-6000 |
| | dmoore@potteranderson.com |
| Daniel W. Richards | bpalapura@potteranderson.com |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | amoshos@potteranderson.com |
| Four Embarcadero Center | |
| Seventeenth Floor | *Attorneys for Defendant Apple Inc.* |
| San Francisco, CA 94111 | |
| Tel: (415) 434-9100 | |

Fan (Frances) Zhang
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, DC 20006
Tel: (202) 747-1900

Kevin J. Post
Lance W. Shapiro
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700

Dated: January 20, 2026
12658415 / 12209.00061